**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **CHRISTOPHER JEFFREY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.** |
| **v.** ) | **26-11841-FDS** |
| ) | |
| **NANTUCKET BOAT BASIN LLC,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER ON PLAINTIFF'S MOTION**
**TO REMAND TO STATE COURT**

**SAYLOR, J.**

Plaintiff Christopher Jeffrey filed this lawsuit in state court, asserting a claim of negligence based on an accident that occurred while he was disembarking from a boat in Nantucket.  Defendant Nantucket Boat Basin, LLC removed the action to this court on the ground that it involves a matter within the exclusive maritime jurisdiction of the United States.

Plaintiff has now moved to remand the matter to state court based on 28 U.S.C. § 1333(1), which provides that the district courts shall have original and exclusive jurisdiction over any "civil case of admiralty or maritime jurisdiction, saving to all suitors in all cases all other remedies to which they are otherwise entitled."  The latter phrase has been interpreted to provide that a maritime plaintiff may file his claim in state court to preserve his right to a jury trial.  *See Romero v. International Terminal Operating Co.*, 358 U.S. 354, 371-75 (1959); *Concordia Co. v. Panek*, 115 F.3d 67, 70 (1st Cir. 1997); *Ballard Shipping Co. v. Beach Shellfish*, 32 F.3d 623, 626 (1st Cir. 1994).

There is some doubt as to whether the adoption in 2011 of the Federal Courts Jurisdiction

and Venue Clarification Act, Pub. L. No. 112-63, 125 Stat. 759, altered the rule for removal of maritime claims.  *See Rhode Island v. Shell Oil Prods. LLC*, 35 F.4th 44, 61 (1st Cir. 2022) (noting, but not deciding, the issue).  The majority rule, however, appears to be that the law is unchanged.  *See Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018) ("[t]he vast majority of district courts considering this question have maintained that such [admiralty] lawsuits are not removable" in light of Congress's 2011 amendment to the federal removal statute); *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1314 (11th Cir. 2020) ("if the plaintiff elects to file a maritime case in state court, that case may not be removed to federal court solely on the basis of admiralty jurisdiction"); *Cassidy v. Murray*, 34 F. Supp. 3d 579, 584 (D. Md. 2014); *Iturrino Carrillo v. Marina Puerto del Rey Operations, LLC*, 432 F. Supp. 3d 7, 10-13 (D.P.R. 2019); *Glazer v. Honeywell Int'l, Inc.*, 2017 WL 1943953, at *6 (D.N.J. May 10, 2017); *Nassau Cnty. Bridge Auth. v. Olsen*, 130 F. Supp. 3d 753, 763 (E.D.N.Y. 2015); *Bartman v. Burrece*, 2014 WL 4096226, at *4 (D. Ala. Aug. 18, 2014).

For the reasons set forth in those decisions, this court will follow suit, and accordingly the matter will be remanded to the Superior Court.

In light of the uncertainty concerning the effect of the 2011 amendment, each side shall bear its own attorneys' fees and costs.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  July 20, 2026                    United States District Judge

2